UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TROY McCLOUD                                          CIVIL ACTION

VERSUS                                                NO. 08-3800

BURL CAIN, WARDEN                                     SECTION "C"

ORDER AND REASONS

Before the Court is a petition for habeas corpus by Troy McCloud filed pursuant to 28 U.S.C. § 2254.  Petitioner seeks relief from his November 13, 2003, conviction and sentence for distribution of cocaine within one thousand feet of a school under of LSA-R.S. 40:981.3.[1]  He asserts as grounds for relief that: (1) he received ineffective assistance of counsel when counsel failed to file a motion to suppress the arrest warrant; (2) the trial court erred in failing to take judicial notice of an error in his arrest warrant; (3) the trial court erred when it denied petitioner's motion to suppress a suggestive photographic identification; (4) McCloud did not knowingly and voluntarily waive his right to a trial by jury; (5) the trial court wrongly denied McCloud his right to counsel of his choice; (6) the trial court's ruling on the motion to suppress should be annulled due to "ill practice;" and (7) McCloud received ineffective assistance of counsel when his counsel failed to object to the trial court's denial of petitioner's counsel of choice and held him in contempt.  Rec. Docs. 1, 22, 42.[2]

_____

[1]The trial court case number for this conviction is 02-6326.

[2]The last three claims arose in a different state court matter.   The trial court case number for those claims is 02-5896.

The Court has independently reviewed the petition, the record, and the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto. The procedural history and facts of petitioner's arrest and conviction, as well as the standard of review and the Magistrate Judge's recommendations for the petitioner's first, second, and third claims, are concisely and accurately stated in the Report and Recommendation and are adopted by this Court as its opinion as to the petitioner's first, second, and third claims. As to the petitioner's fifth, sixth, and seventh claims pertaining to actions in 02-5896, a different state court proceeding, the Court finds those claims lacks merit and are irrelevant to the conviction under examination here. These six claims are dismissed for the reasons set forth in the Report and Recommendation.

With regard to the fourth claim, raised in a supplemental amendment to petitioner's writ of habeas corpus, petitioner alleges that his Sixth Amendment right to trial by jury was violated because he did not knowingly and voluntarily waive it. The Court agrees with the petitioner. The right to trial by jury is not only one of the oldest and mostly clearly established principles of Anglo-American jurisprudence, but one of its most important. *Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993). *See also United States v. DeRobertis*, 715 F.2d 1174, 1178 (5th Cir. 1983), (citing *Duncan v. Louisiana*, 391 U.S. 145, 157-58 (1968)). It was considered such an important right under the common law that a criminal defendant could not waive it even if he wished to do so. *Patton v. United States,* 281 U.S. 276 (1930), *abrogated by Williams v. Florida,* 399 U.S. 78, 90 (1970). It has long been settled that the importance of this right requires it to be "jealously preserved," so that any waiver of it must be made by a defendant "intelligently—with full knowledge of his rights and capacity to understand them . . ." *Id.* at 312; *United States ex rel.*

*McCann v. Adams*, 320 U.S. 220, 221 (1943).  The Supreme Court, quoting Blackstone, has described it as a "critically important" safeguard against "'the violence and partiality of judges . . . who might . . . imprison, dispatch, or exile any man that was obnoxious to the government, by an instant declaration, that such is their will and pleasure.'" *Apprendi v. New Jersey*, 530 U.S. 466, 548 (2000).

However, today the right may be waived by a criminal defendant if the waiver is "intelligent and competent." *Johnson v. Zerbst,* 304 U.S. 458, 464-65 (1938).  "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights." *Id.* at 464 (internal quotations omitted).  Furthermore, "whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams v. United States ex rel. McCann,* 317 U.S. 269, 278 (1942).  The *Adams* decision also affirmed an earlier line of United States Supreme Court cases that required the waiver of a criminal defendant's right to trial by jury be "express," with the additional consent of the Government as well as the responsible judgment of the trial court.[3] *Id.* at 277-78.

One of the most significant cases to discuss the defendant's ability to waive his right to trial by jury in criminal proceedings is *Patton,* wherein the Supreme Court held that "the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the *express* and intelligent consent of the defendant." 281 U.S. at 312 (emphasis added).  The Fifth Circuit in

_____

[3] According to Black's Law Dictionary, "express" means something that is "[c]learly and unmistakably communicated" or "directly stated."  BLACK'S LAW DICTIONARY 601 (7th ed. 1999).

*United States v. Mendez,* 102 F.3d 126, 130-31 (5th Cir. 1996), interpreted the "express" waiver

in *Patton* as a constitutional requirement.  Since the district court in *Mendez* had not followed

proper procedures in a federal criminal proceeding, its failure to do so violated the defendant's

right to due process under the Fifth Amendment, leading the Fifth Circuit to remand the case for

a trial by jury.[4]  *Id.*  In *Singer v. United States,* 380 U.S. 24, 33-34 (1965), the United States

Supreme Court reaffirmed its prior holdings in *Patton* and *Adams.*  Although the *Singer* decision

concerned the Government's consent to a defendant's waiver of his right to trial by jury, the

court again noted that any waiver must be both "express" and "intelligent."  *Id.* at 34.  *See also*

*Mills v. Collins,* 924 F.2d 89, 93 & n.4 (5th Cir. 1991).

The validity of a waiver of a federal constitutional right is governed by federal law.  *See*

*Boykin v. Alabama,* 395 U.S. 238, 243 (1969).  "Although there may be subsidiary questions of

fact, whether the waiver of [petitioner]'s right to a jury trial was knowing and voluntary is

ultimately a legal determination."  *Johnson v. Cain,* 1999 WL 800187, at \*1 (citing *Marshall v.*

*Lonberger,* 459 U.S. 422, 431-32 (1983); *Barnes v. Johnson,* 160 F.3d 218, 222 (5th Cir. 1998)).

*See also Brewer v. Williams,* 430 U.S. 387, 397 n.4 (1977) ("[W]hether [petitioner] waived his

constitutional rights was not, of course, a question of fact, but an issue of federal law.").

---

[4] The defendant in *Mendez* also had not signed a written waiver of his right to trial by jury, as is required by Rule 23(a) of the Federal Rules of Criminal Procedure in federal criminal proceedings, but the court clearly viewed an express waiver as a constitutional requirement that was an alternative ground for its decision to remand the case.  *See Mendez,* 102 F.3d at 129-30 ("In addition to being a transgression of rights afforded him by Congress, the court's decision to proceed with a bench trial without Mendez's specific acquiescence also runs afoul of the Constitution.").

In the present case, the petitioner raised on direct appeal his claim that his waiver of a

jury trial was invalid.  The Louisiana Fifth Circuit Court of Appeals discussed the evidence

regarding petitioner's jury trial waiver, writing:

> The minute entry for November 11, 2003, the day of trial, reflects that "The
> Defendant waived his rights to a jury trial."  The transcript of that proceeding
> shows that the following exchange took place just before the commencement of
> trial:
>
> > MR. THOMAS [defense counsel]:
> > > Your Honor, Mr. McCloud informed me as the jury was coming
> > into the room that he had changed his mind and wanted to go with a Bench
> > trial.
> >
> > THE COURT:
> > > Well, it's certainly his prerogative.
> >
> > MR. THOMAS:
> > > I apologize to the Court that we didn't notify you earlier, but it is
> > Mr. McCloud's choice.
> >
> > THE COURT:
> > > Well, as long as he is aware that once the trial begins-and it will
> > begin as soon as the State calls its first witness-that he can't change his
> > mind once again on that.

*McCloud,* 901 So.2d at 503-504.[5]

After reviewing the above evidence, the state appellate court found that "[t]here [was]

nothing in the record to show that defendant was fully informed of his right to a jury trial, either

---

[5]Notably, the exchange that immediately followed is omitted from consideration by the
Louisiana Fifth Circuit:
> THE COURT:
> > Do you understand that, sir?
> THE DEFENDANT:
> > Look, could I ask the Court something?
> THE COURT:
> > You could ask your attorney to ask me something.
State Rec., Vol. 3 of 6.  The significance of this omission is discussed below.

by the court or by his attorney," let alone that he had made his waiver knowingly and intelligently. *Id.* at 504. As a result, the state appellate court conditionally affirmed the petitioner's conviction and remanded the case to the trial court with instructions to hold an evidentiary hearing to determine whether the petitioner had validly waived his right to trial by jury. *Id.* The Louisiana Code of Criminal Procedure provides that "[a] defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge." La.C.Cr.P. art. 780(a). Generally, the waiver is to be entered at arraignment, but the trial judge may accept a waiver of a jury trial at any point prior to commencement. La.C.Cr.P. art. 780(b). Even though it is a preferred method for the state trial court to advise a defendant of the right to trial by jury in open court before obtaining a waiver, that practice is not statutorily required under Louisiana law. *See State v. Lokey,* 889 So.2d 1151, 1154 (La. App. 5th Cir. 2004). In fact, the Louisiana Supreme Court has expressly rejected on multiple occasions a rule "which would require the trial judge to personally inform the defendant of his right to a jury trial." *State v. Kahey,* 436 So.2d 475, 486 (La. 1983) (citing *State v. Phillips*, 365 So.2d 1304 (La.1978)).

Here, the state trial court, pursuant to the appellate court's remand, held an evidentiary hearing on June 1, 2006 before Judge Greg G. Guidry. (Rec. Doc. 31 at 19). The petitioner argued that he did not waive his right to a jury. At the hearing, petitioner's lawyer testified that he had advised his client, prior to trial, of his right to trial by jury and of the other rights associated with it, and that he believed his client had voluntarily and knowingly waived his right. Judge Guidry did not rule on the issue at the hearing. Instead, at a later date, Judge Walter E.

Kollin, after reviewing the testimony adduced at that evidentiary hearing, held without

explanation that the petitioner had validly waived his right.

Petitioner filed a second appeal with the Louisiana Fifth Circuit Court of Appeal and

argued once again that he did not validly waive his right to trial by jury.  (Rec. Doc. 31 at 19).

The state appellate court then reviewed the evidence presented at the trial court's June 1, 2006,

evidentiary hearing and wrote:

> At the evidentiary hearing regarding [petitioner's] waiver of his right to a jury trial, [petitioner's] former counsel, John Thomas, testified.  Mr. Thomas stated that he remembered the trial very well and recalled having discussions with [petitioner] about his right to a jury trial.  Mr. Thomas testified that he told [petitioner] it was his choice whether to have a jury or a judge trial.  However, Mr. Thomas strongly recommended that [petitioner] choose a jury trial based on the type of case it was.  Mr. Thomas testified that the jury actually came into the room before [petitioner] decided he did not want a jury trial.  Once [petitioner] told Mr. Thomas he did not want a jury trial, Mr. Thomas informed the court [petitioner] did not want a jury trial and they proceeded with a bench trial.  Mr. Thomas explained that he made [petitioner] aware that he would present the case on his behalf and explained the *voir dire* process to him, including that he would have the right to exclude a number of jurors with peremptory challenges. However, Mr. Thomas testified that it was [petitioner's] decision to waive the jury.
>
> Mr. Thomas testified [petitioner] was lucid and appeared to understand what he was doing when he had these discussions with [petitioner].  He stated that discussions about the jury trial occurred prior to the day of trial.
>
> After being questioned by the trial judge at the hearing, Mr. Thomas agreed that [petitioner] was fully aware of his right to a trial by jury and made his own decision to waive this right.  The trial judge asked Mr. Thomas if he had explained to [petitioner] the advantages and disadvantages of a jury trial and of a judge trial and Mr. Thomas responded,
>
>> Yes.  And Mr. McCloud was, compared to most of the clients I deal with, Mr. McCloud was very savvy legally, he had filed his own federal lawsuit, and I thought he was quite aware of what his rights were.
>
> At the hearing on remand, [petitioner] also testified.  He testified that he did not recall the trial judge advising him of his right to a jury or judge trial and

did not recall Mr. Thomas advising him of his rights to a judge or jury trial at any
time.  He explained that he only had one conversation with Mr. Thomas before
trial and did not remember Mr. Thomas saying anything to him regarding having
a jury trial.  He testified that Mr. Thomas did not want to talk to him.  He stated
that he never told Mr. Thomas about the facts of his case prior to trial.  He further
testified that he was not aware he could have a jury trial and explained that he did
not know the difference between the jury trial and judge trial.  He found out the
difference later.  [Petitioner] did not recall the jury being in the courtroom.
[Petitioner] testified it was Mr. Thomas' choice to waive the jury trial and to have
a judge trial.

*McCloud,* 978 So.2d at 1141-42 (footnote omitted).

Based upon the foregoing testimony, the Louisiana Fifth Circuit held that "[t]he

testimony of Mr. Thomas supports the judgment that there was a valid waiver of the jury trial."

*Id.* at 1142.  However, assuming the correctness of the facts underlying Judge Kollin's

determination, the record contains <u>no</u> evidence that any waiver complied with the requirements

that it be both express and personal.  As the Court has held, "there are basic rights that the

attorney cannot waive without the fully informed *and publicly acknowledged consent of the*

*client*."  *Taylor v. Illinois*, 484 U.S. 400, 417-418 (1988) (emphasis added).  The Supreme Court

in *Taylor* identified the right to a jury trial as an example of those "basic rights" that an "attorney

cannot waive without the fully informed and publicly acknowledged consent of the client,"

noting that the "record must show 'personal communication of the defendant to the court that he

chooses to relinquish the right [to a jury trial]."  *Id.* at 24 (citing *Doughty v. State*, 470 E.2d 69,

70 (Ind.1984)).  *See also Florida v. Nixon*, 543 U.S. 175, 187 (2004).

Further support for this requirement is found in the Supreme Court's decision in *New*

*York v. Hill*, 528 U.S. 110, 114 (2000).  In acknowledging that speedy trial rights, inasmuch as

they are scheduling concerns, are procedural and tactical rather than fundamental, the *Hill* court

held:

8

What suffices for waiver depends on the nature of the right at issue. *[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary*, all depend on the right at stake." *United States v. Olano*, 507 U.S. 725, 733 (1993).  For certain fundamental rights, the defendant must personally make an informed waiver.  *Johnson v. Zerbst*, 304 U.S. at 464-65 (right to counsel); *Brookhart v. Janis*, 384 U.S. 1, 7-8 (1966)(right to plead not guilty).

*Hill*, 528 U.S. at 114 (emphasis added).   And in *Jones v. Barnes*, 463 U.S. 745, 751 (1983), the Supreme Court held that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty [or] waive a jury." *Id.*

These cases establish that the right to trial by jury is both fundamental, and the fact that it is fundamental requires that any waiver must be publicly acknowledged by the client.  Moreover, in cases as varied as *Gonzalez v. United States*, 553 U.S. 242 (2008), *Hill* and *Boykin*, emphasize the fact that the waiver of fundamental rights, those to which a client must personally consent, require that the waiver appear on the face of the record and have been made personally to the judge.

In addition, there is ample authority in the *Patton, Adams,* and *Singer* decisions, and as recognized by the Fifth Circuit in *Mendez* and *Mills,* for the rule that the defendant must expressly or personally waive his constitutional right to trial by jury in order for it to be valid. The Fifth Circuit recognized nearly forty years ago in *Winters v. Cook*, 489 F.2d 174, 179-80 (5th Cir. 1973) that "inherently personal fundamental rights . . . can be waived only by the defendant and not by his attorney.  Such personal fundamental rights include . . . the right to waive trial by jury."  Accordingly, the testimony adduced at petitioner's evidentiary hearing regarding the validity of the waiver is irrelevant—there is nothing in the state court record or transcripts that reflects an express or personal waiver.

9

In fact, more troubling to this Court is the record evidence of the trial court's refusal to answer a question from the defendant responding to its question regarding the waiver at the relevant time. As previously noted, on remand, the evidentiary hearing resulted in a one word denial from a judge other than the presiding judge, and the Louisiana courts of review did not acknowledge the following exchange made at the time of the alleged waiver of jury trial:

THE COURT:

> Do you understand that, sir?

THE DEFENDANT:

> Look, could I ask the Court something?

THE COURT:

> You could ask your attorney to ask me something.

State Rec., Vol. 3 of 6. This refusal to allow the defendant to ask a question about the waiver, and the lack of any affirmative response from the defendant to the effect that he understood the waiver, distinguishes this case from the bevy of Louisiana cases in which counsel waived the right to jury trial with the defendant's express confirmation on the record. See, e.g., *DeSalvo v. Cain*, 2002 WL 1585564 (E.D. La. 2002) (and cases cited therein).

"The question whether waiver is proper 'depends on the unique circumstances of each case.'" *Scott v. Cain*, 364 Fed.Appx. 850, 853 (5th Cir. 2010) (quoting *Adams v. United States ex. rel. McCann*, 317 U.S. at 278). "This court has held that the 'decision to proceed with a bench trial without [the defendant's] specific acquiescence . . . runs afoul of the Constitution." *Id.* (quoting *Mendez*, 102 F.3d at 130). The trial transcript here "is devoid of any discussion between the court and petitioner concerning his express and intelligent waiver of a jury trial.'"

*Id.* (quoting *Landry v. Hoepfner*, 818 F.2d 1169, 1178 (5th Cir. 1987), *rev'd on other grounds by* 840 F.2d 1201 (5th Cir. 1988)(en banc)). "The minimum factual threshold for a knowing and intelligent personal waiver of the right to a jury trial" may be "an open question when a defendant voices his preference for a bench trial in person," but that did not happen here. *Id.* at 855. Indeed, while the trial judge asked for verbal confirmation of the alleged waiver, he did not get one and instead refused to allow the defendant to ask a question.

"The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be enforced and justice administered." *Duncan*, 391 U.S. at 155. "And the duty of the trial court in that regard [to waiver] is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." *Patton*, 281 U.S. at 312-313.

Accordingly,

IT IS ORDERED that the petitioner's objections to the Report and Recommendation of the Magistrate Judge are overruled except as to the fourth claim and the Report and Recommendation of the Magistrate Judge is adopted by the undersigned as its opinion except as to the fourth claim. As to the fourth claim, the petitioner's objections to the Report and Recommendation of the Magistrate Judge are sustained and the forgoing is the opinion of the Court. Judgment is to be entered accordingly.

IT IS FURTHER ORDERED that the state shall either retry the petitioner within 180 days of this order or dismiss the charges.  The state shall notify the defense and the Court of its intention within 60 days of this ruling.


New Orleans, Louisiana, this 11th day of April, 2013.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE