UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY MCCLOUD                                    CIVIL ACTION

VERSUS                                          NO. 08-3800

BURL CAIN, WARDEN                               SECTION "C" (2)

<u>ORDER AND REASONS</u>

This matter comes before the Court on motion for stay of judgment and order

pending appeal filed by the respondent, Burl Cain.  Rec. Doc. 56.   Having considered

the record, the memoranda of counsel and the law, the Court has determined that the

motion for  stay should be denied for the following reasons.

The Court granted habeas relief based on its recognition that the right to trial by

jury is fundamental and that the record contains no evidence that the petitioner

expressly or personally waived that right.  Rec. Doc. 53.   Instead, the record reveals the

affirmative refusal of the trial judge to answer a question from the petitioner regarding

waiver just prior to the trial at which he was convicted by the judge without a jury.  *Id.*

This Court ordered retrial within 180 days, and the state has indicated that it intends to

retry the petitioner.[1]  Rec. Doc. 66.  In this motion, the respondent effectively seeks a

_____

[1]The Court will amend its April 12, 2013, judgment to correct the clerical error
that included the alternative dismissal of the charges instead of the release of the
petitioner.  Rec. Doc. 54; *Jones v. Cain*, 600 F.3d 527 (5th Cir. 2010).  The Court apologizes
for the error.  The amended judgment will be order trial within 90 days to account for
the passage of time.

1

stay pending appeal to eliminate the necessity of retrial before the pending appeal is final.

Under Fed. R. App. P. 23 ( c), [w]hile a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judges rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without security." The determination whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). The Court in *Hilton* recognized that Fed. R. App. P. 23(c), which applies in such cases, creates a presumption of release from custody, but that such a presumption may be overcome if a judge "otherwise orders." *Hilton*, 481 U.S. at 774. The Supreme Court further noted that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court, which this Court has done by affording the district attorney 180 days to retry the petitioner. *Id.* at 775.

In addition to the language of Rule 23 itself, the decision as to whether to grant a stay should also be guided by the general rules governing civil stays, Fed.R.Civ.P. 62 and Fed.R.App.P. 8, regulated by the following four factors:

(1)     whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2)     whether the applicant will be irreparably injured absent a stay;

(3)     whether issuance of the stay will substantially injure the other parties
         interested in the proceeding; and

(4)     where the public interest lies.

*Hilton*, 481 U.S. at 776.  The presumption in favor of enlargement of the petitioner may

be overcome if these traditional stay factors "tip the balance against it."  *Id*. at 777.

        In addition to these traditional stay factors, the Supreme Court directed that

other factors be taken into consideration including the possibility of flight, the risk that

a prisoner will pose a danger to the public if released if the state establishes such a risk,

and the state's interest in continuing custody and rehabilitation pending a final

determination of the case on appeal.  *Id*.  This last interest is "strongest where the

remaining portion of the sentence to be served is long, and weakest where there is little

of the sentence remaining to be served." *Id*.  The final factor to be considered is the

interest of the habeas petitioner in his release pending appeal, which is "always

substantial" and strongest when other factors are weakest.  *Id*.

        In this motion, the state argues that consideration of the relevant factors weighs

in favor of a stay pending appeal.  The petitioner argues that no relevant factor supports

a stay.

3

## **Application of the Stay Factors**

**(1)     Whether the stay applicant has made a strong showing that he is likely to succeed on the merits.**

The state argues that it has a strong likelihood of success on appeal.  "Although the waiver was made orally by counsel on the defendant's behalf and does not reflect the defendant's explicit consent to same, the issue of the defendant'[s] consent[]to a waiver was addressed at the evidentiary hearing below."  Rec. Doc. 56-2 at 5.  This Court's ruling was based on Supreme Court cases that recognize the right to trial by jury as a basic and fundamental right personal to the defendant and that any waiver must be publically acknowledged by the defendant.   Rec. Doc. 53 at 8-9.   The Court also explained that the evidentiary hearing was held before the trial court,  summarily decided by his successor without reasons, and affirmed by the Louisiana Fifth Circuit with reference to the testimony of the petitioner's trial attorney.  Rec. Doc. 53 at 6-7; *State v. McCloud*, 978 So.2d 1139, 1142 (La. App. 5th Cir. 2008).   Here, the relevant issue is not whether the attorney testified to his belief that his client had voluntarily and knowingly waived the right, but whether the client expressly or personally waived the right.  No evidence of that exists.   In addition, the trial court's refusal to hear the petitioner's question about the alleged waiver undermines the argument that the defendant consented or "silently acquiesced" to his attorney's representation in this matter.  *United States v. Gonzales,* 553 U.S. 242, 257 (2008).   The Court finds that the

4

state's showing that it is likely to succeed on the merits falls short of "strong."

**(2)       Whether the stay applicant will be irreparably injured absent a stay.**

The state argues irreparable injury because "[a] successful challenge in the appeal would obviate the need for the retrial contemplated by the court's order, thus saving the State the expenses and efforts of a retrial which would be irretrievably lost should the appeal be favorable to the state."  Rec. Doc. 56-2 at 9.   This argument can be made as a matter of course in any case where habeas corpus relief has been granted and the state is appealing yet *Hilton* clearly recognized the presumption in favor of release under this circumstance.  This Court does not find this argument  weighs in favor of the state on this motion.

In addition, the state argues that it should not be required to choose between release or trial while the appeal is pending.  Rec. Doc. 56-2 at 9.  The Court has utilized its discretion to delay the release of the petitioner in order to provide the state an opportunity to correct the constitutional violation it found, which this Court has done by affording the district attorney 180 days to retry the petitioner.  This is not an insignificant period of time.   Again, the presumption under the circumstances is always in favor of release pending appeal.  The Court finds this argument unpersuasive.

**(3)**     **Whether issuance of the stay will substantially injure the other parties interested in the proceeding.**

The state next argues that "even when the state fails to retry a defendant within the time set by a habeas court so that the writ issues, the state is generally free to re-arrest and retry the defendant on the original indictment."  Rec. Doc. 56-2 at 10.  Again, this circumstance is not unique to this case.  The  Supreme Court considers a successful habeas petitioner's interest in release to be "always substantial," and strongest where other factors, in particular the state's likelihood of success on appeal or demonstration of a substantial case on the merits, are weakest.  *Hilton*, at 777-778.  The Court is unpersuaded that consideration of this circumstance weighs in favor of the issuance of the stay.

**(4)**     **Where the public interest lies.**

At the outset, the Court finds that the law regarding stays reflects an understanding that the public has a significant interest in the release of a petitioner found to be wrongfully convicted.  The state argues that the public has a interest in "the prompt and efficient administration of justice, and the avoidance of unnecessary relitigation."  Rec. Doc. 56-2 at 11.  Again, the Court finds that this circumstance is inherent in the presumption of release, and does not support the issuance of a stay.

**(5)**     **Other factors.**

Finally, the state argues that consideration of the dangerousness of the petitioner

6

warrants issuance of the stay under *Hilton*.  It cites to the 33 disciplinary infractions since he was imprisoned in 2003, along with his status as "third" felony offender.  Rec. Doc. 56-2 at 12.  He is serving a 65 year sentence to expire in 2069, which "presents significant motivation and incentive for him to flee the jurisdiction if released before the resolution of the appeal."  Rec. Doc. 56-2 at 13.  The state is correct in noting that a court is not prohibited from considering, along with the factors discussed above, the dangerousness of a petitioner when considering whether to stay his release pending appeal.  *Hilton*, 481 U.S. at 779.  There is no blanket exception to the presumption of release for those successful habeas petitioners originally convicted of a serious crime. The Court finds that the factors in favor of the state and against the presumption of release concern the length of the sentence remaining for the petitioner and his prison disciplinary record.   On balance, however, the Court finds that the state has not sufficiently shown that the presumption favoring release is overcome in this case or that a stay pending appeal is appropriate.

Accordingly,

IT IS ORDERED that the motion for stay of order granting habeas corpus relief filed by the respondent Burl Cain is hereby DENIED.  Rec. Doc. 56.

IT IS FURTHER ORDERED that the Court's April 12, 2013, judgment be AMENDED to provide that the state either retry the petitioner within 90 days from the

date of the Amended Judgment or release the petitioner.

New Orleans, Louisiana, this 15th day of July, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE